IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN JAY BARBER;
JAY DAVID LEATHERWOOD;
and JAYCOB PATRICK HOLTEN,

        Petitioners,

v.

PAT GARRETT, Sheriff,

        Respondent.

Case No.   3:18-cv-01870-AC

ORDER

SIMON, Judge.

Petitioner Benjamin Barber, an inmate at the Washington County Jail, purports to bring this action challenging the constitutionality of convictions obtained against all three Petitioners in Washington County Circuit Court. Currently before the Court are the "Petition for Post Conviction Relief" filed to initiate this action, as well as several motions subsequently filed by Petitioner Barber.

1 - ORDER -

I.      **Petition for Post Conviction Relief/Removal**

Initially, the Court notes that although Petitioner Barber names two additional Petitioners in the caption of the Petition, neither of these two individuals submitted the $5.00 filing fee or an *in forma pauperis* application, or signed the Petition. Accordingly, the Court DISMISSES the claims of Petitioners Leatherwood and Holten. *See* 28 U.S.C. §§ 1914 & 1915 (filing fee and *in forma pauperis* requirements); *Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981) (a non-lawyer may not file papers with the court or otherwise represent the rights of another *pro se* litigant); Rule 2(c)(5), Rules Governing Sec. 2254 Cases, 28 U.S.C. foll. § 2254 (habeas petition must be signed under penalty of perjury by the petitioner or by a person *authorized to sign it for the petitioner* under 28 U.S.C. § 2241) (emphasis added).

As to Petitioner Barber's claims, the Court notes that Petitioner initiated this action by filing a "Petition for Post Conviction Relief" under Oregon Revised Statutes §§ 138.510-680, which he seeks to "remove" to this Court under 28 U.S.C. §§ 1338(a) & 1454. First, a challenge to the legality of a state court conviction may be brought in federal court only through an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254. Second, the removal statute cited by Petitioner Barber, 28 U.S.C. § 1454, applies only to the removal of "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protections, or copyrights." The "Petition for State Post-Conviction Relief" referenced by Petitioner Barber does not fall within the purview of § 1454. Third, 28 U.S.C. § 1338(a) vests in the district court "original jurisdiction of any civil action arising under any Act of Congress relating to patents,

plant variety protection, copyrights and trademarks." As with the removal statute, Petitioner's claims do not fall within the purview of § 1338(a).[1]

To the extent Petitioner Barber's claims are construed as an attempt to seek habeas corpus relief under 28 U.S.C. § 2254, the Petition does not comply with Rule 2(d) of the Rules Governing Sec. 2254 cases: "The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." *See also* Local Rule 81-1(a) ("Petitions for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 . . . must be legibly written or typewritten on forms supplied by the Court").

Accordingly, to the extent Petitioner Barber seeks state post-conviction relief on behalf of himself or the other named Petitioners, the Court DENIES the Petition (ECF No. 1). If Petitioner Barber wishes to pursue an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his conviction, Petitioner must file his application on the form provided by this Court within 30 days of the date of this Order. Failure to do so will result in the dismissal of this action.

## II. Motion for Appointment of Counsel (ECF No. 6)

Unless an evidentiary hearing is required, the decision to appoint counsel in a § 2254 proceeding is within the discretion of the district court. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). This discretion is exercised in favor of an appointment if the circumstances of the case indicate that counsel is necessary to prevent due process violations or if the court determines "'that the interests of justice

---

[1] For this reason, the Court DENIES Plaintiff Barber's "Motion to Remove to Federal Court" (ECF NO. 3) by which he asks this Court to "take notice" that original jurisdiction over his claims exists under 28 U.S.C. §§ 1338(a) and 1454.

3 - ORDER -

require.'" *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (quoting 18 U.S.C. § 3006A(g)); *Knaubert*, 791 F.2d at 728-29. The interests of justice do not require the appointment of counsel at this juncture of this case. Accordingly, the Court DENIES Petitioner Barber's Motion for Counsel (ECF No. 7.

## II. Motions for Joinder and Motion to Proceed as a Class Action (ECF Nos. 8, 9, and 10)

Petitioner Barber seeks to "join"" as additional Petitioners Jay Leatherwood and Jaycob Patrick Holten. (ECF Nos. 9 and 10). The Court DENIES these motions, without prejudice to Leatherwood and Holten's right to each file a separate application for writ of habeas corpus challenging their state court convictions, if appropriate. Petitioner Barber also seeks to certify this case a class action representing anyone who has been or may be charged with violating Or. Rev. Stat. § 163.472. (ECF No. 8) The Court DENIES this motion because an incarcerated, *pro se* individual is not suitable to act as a class representative and because, to the extent the Court construes this action as seeking habeas relief under § 2254, Petitioner Barber may not advance the claims of other individuals.

## III. Motion for Three Judge Panel and Motions for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 7, 11, 12, 13, 14, and 15)

Plaintiff Barber moves to convene a three judge panel under 28 U.S.C. § 2284 and 17 U.S.C. § 502 to permanently enjoin operation of Or. Rev. Stat. § 163.472 as violative of federal law. The Court DENIES these motions, because to the extent this action is construed as seeking relief under 28 U.S.C. § 2254, the sole remedy is the determination of the legality of Plaintiff Barber's state court conviction; Plaintiff cannot succeed on the merits of a claim that enforcement of the criminal statute in question should be universally enjoined.

## CONCLUSION

For these reasons, the Court DISMISSES the Petition for Post Conviction Relief (ECF No. 2). The Court dismisses the claims of Petitioners Leatherwood and Holten without prejudice to their right to each file a separate application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as appropriate. Petitioner Barber may file a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 within 30 days in this action on the form provided by the Court. Petitioner Barber is advised that failure to do so will result in the dismissal of this action.

The Court DENIES Petitioner Barber's Motion to Remove Case to Federal Court (ECF No. 3), Motion for Appointment of Counsel (ECF No. 6), Motion for Three Judge Court Injunction (ECF No. 7), Motion to Proceed as Class Action (ECF No. 8), Motion for Joinder of Leatherwood (ECF No. 9), Motion for Joinder of Holten (ECF No. 10), Motions for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 11, 12, 13, and 15), and Motion for Three Judge Panel (ECF No. 14).

The Clerk of the Court is DIRECTED to send Plaintiff Barber a form Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with this Order.

IT IS SO ORDERED.

DATED this 2nd day of January 2019.

Michael H. Simon
United States District Judge

5 - ORDER -